FILED & JUDGMENT ENTERED
Steven T. Salata

May  22  2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Asheville Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **CAROL LLOYD, INC.,** | ) | Case No. 17-10207 |
| | ) | |
| Debtor. | ) | |

**ORDER ALLOWING PAYMENT OF PRE-PETITION PAYROLL**

This matter came before the court on the motion of Carol Lloyd, Inc. Debtor in Possession ("Carol Lloyd" or "Debtor"), for an Order allowing the payment of pre-petition payroll.  A hearing was held on May 17, 2017.  Based upon the evidence presented at the hearing, the Court finds as follows:

1. Carol Lloyd filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code in the Western District of North Carolina on May 15, 2017.

2. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157.

1

3. Carol Lloyd is based in Asheville, North Carolina (Buncombe County), and provides mobile X-ray and imaging services to care givers and care facilities in western North Carolina. In any given week, Carol Lloyd employs approximately 55-60 people.

4. Debtor requests authority to honor and pay obligations for work performed during the approximated two weeks immediately prior to the petition. During these two weeks, the Debtor's employees accrued gross wages that would not be paid in the ordinary course of business until after the filing of the petition. Based upon the normal pay cycles for the payment of wages and salaries, Debtor is duly obligated for pre-petition wages in the amount of approximately $76,500.

5. None of the wages sought to be paid are to be paid to officers, directors, or shareholders.

6. To the extent these wages would be considered pre-petition claims, all such wages would be entitled to 11 U.S.C. § 507(a)(4) priority wage claim status. All such wages are well below the priority wage claim amount. To the extent these employee obligations are executory contracts under 11 U.S.C. § 365, it is in the best interest of the estate for the same to be assumed.

7. Debtor anticipates that to the extent wage claims identified herein are priority wage claims, they would receive payment of 100% even if this case were a Chapter 7 proceeding and the assets were liquidated for the benefit of creditors. Therefore, creditors will not be prejudiced if Debtor's request for authorization to pay such claims at this time is allowed.

8. A necessity of payment exists in this case in order to prevent immediate and irreparable harm to this reorganization in an amount greatly in excess of the funds Debtor seeks to pay, and such payment is essential to maximize the return on the value of the assets in this case. If Debtor were to fail to make all wage payments requested herein, then in all likelihood the affected employees would be unable or unwilling to provide further assistance to the Debtor.

The authorization sought herein will also minimize the personal hardship on the affected employees that would occur if pre-petition wage claims were not paid.

9.  The payment as requested is in the best interest of creditors, Debtor, Debtor's employees, and is essential to a successful reorganization.  The Court has authority to approve payment of claims described in the foregoing motion to the extent they are determined to be pre-petition claims under the circumstances set out herein pursuant to the authority granted the Bankruptcy Court under Title 11 of the United States Code, including 11 U.S.C. §§ 105, 363, 365, 507, 1107 and 1108.

10.  Given the nature of the emergency as outlined herein and the facts and circumstances in this case, the relief requested can be granted on an emergency basis with limited or no further notice and does not prejudice the rights of parties in interest in this matter.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Debtor is authorized to pay pre-petition payroll as described in the motion.  In the event this case is converted to Chapter 7 and the Chapter 7 Trustee deems appropriate, the trustee may seek disgorgement of pre-petition wages paid.

*This Order has been signed electronically.*
*The Judge's signature and Court's seal*                    *United States Bankruptcy Court*
*Appear at the top of the Order.*